# 2000 DTA 166

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL SUSTITUTO**

SUCESION ANSELMO OLMEDO (T.C.P.) ANSELMO OLMEDA LOPEZ, COMPUESTA POR: MARIA SOLEDAD Y LUIS FERNANDO, DE APELLIDOS OLMEDO RIVERA; IVONNE OLMEDA PEÑA; CESAR ANTONIO OLMEDA CRUZ E ISRAEL OLMEDA BELTRAN
Demandantes

v.

TERESA DE JESUS OLMEDA ORTIZ; JUANA BAUTISTA OLMEDA ORTIZ
Y JUAN RAMOS OLMEDO RIVERA
Demandados

Núm. KLAN-2000-00165

San Juan, Puerto Rico, a 22 de junio de 2000

## TEXTO COMPLETO DE LA SENTENCIA

### I

Los apelantes, Juana Bautista Olmeda Ortiz y la sucesión de Doña Teresa de Jesús Olmeda compuesta por Donato, Inocencio, Salvador, Juan, Rosa, María, Héctor, María Versedad, María Isabel, Zulma Iris, Luz Eneida y Néstor Olmeda Olmeda, comparecen ante este foro solicitando la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 3 de diciembre de 1999, archivada en autos copia de su notificación el 13 de enero de 2000. Mediante el referido dictamen, el foro de instancia ordenó a los apelantes Teresa de Jesús Olmeda Ortiz, Juana Bautista Olmeda, Ortiz y Juan Ramón Olmeda Rivera a segregar y adjudicar a favor de los apelados de epígrafe, la finca número 3,282 debidamente inscrita en el Registro de la Propiedad de Humacao en el Tomo 106, Folio 39.

Por los fundamentos que expondremos a continuación, revocamos la sentencia apelada. Los hechos que dieron origen al presente recurso, se resumen a continuación.

### II

El señor Juan Olmeda Cruz era dueño de una finca de diez (10) cuerdas ubicada en el Barrio Mabú del término municipal de Humacao. Fallecido el señor Juan Olmeda, se declaró como sus únicos y universales herederos a sus hijos Teresa de Jesús Olmeda Ortiz, Juana Bautista Olmeda Ortiz y Anselmo Olmeda Berríos.

Según se desprende de los autos ante nuestra consideración, los antes mencionados herederos del inmueble objeto del presente recurso, habían llegado a un acuerdo de dividir la cosa común mediante la correspondiente segregación y adjudicación de la finca principal en seis lotes de terreno, y de esa forma liquidar la participación correspondiente a cada heredero.

A esos efectos, y a través de Teresa de Jesús, se contrataron los servicios del Ingeniero Ramón Sanabria Berríos. Este sometió ante la consideración de la Administración de Reglamentos y Permisos en el caso número 87-51-D-194-HPL, según aprobado por el informe número 88-Si-Hp1-325, un plano de inscripción para la segregación de la referida finca en seis lotes. Conforme al acuerdo entre los herederos y según el plano preparado, a Teresa de Jesús le corresponderían los solares número 1, 4 y 6; a Juana Bautista Olmeda los solares 2 y 5, y a Anselmo Olmeda Berríos el solar número 3.

Así las cosas, Anselmo Olmeda Berríos falleció sin haberse otorgado las escrituras de segregación. Tramitada la correspondiente declaratoria de herederos, se declaró como sus únicos y universales herederos a sus hijos María Soledad, Luis Fernando, de apellidos Olmeda Rivera; Ivonne Olmeda Peña, César Antonio

Olmeda Cruz e Israel Olmeda Beltrán. Estos solicitaron el otorgamiento de las correspondientes escrituras de segregación, conforme al acuerdo al que habían llegado los herederos originales, a lo que los aquí apelantes se negaron. Dicho hecho motivó que el 5 de agosto de 1997, los aquí apelados radicaran una demanda en la cual, en síntesis, alegaron que los propietarios de la finca en cuestión no querían continuar con el estado de indivisión del referido inmueble, razón por la cual exigían el cumplimiento del acuerdo al que habían llegado hace aproximadamente diez (10) años los herederos originales del inmueble. La contención principal en la demanda era que al los herederos originales haber presentado para inscripción ante A.R.P.E. el plano de segregación, dicho hecho de por sí constituye una división y adjudicación de herencia.

Oportunamente, los demandados contestaron la demanda donde, en síntesis, negaron varias de las alegaciones contenidas en la demanda, alegando que la partición a la cual llegaron los herederos en el presente caso contravenía los preceptos del Artículo 1014 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2880.

Luego de varios incidentes procesales, el tribunal de instancia ordenó se le anotara la rebeldía al co-demandado Juan Ramón Olmeda Rivera, y señaló la Conferencia con Antelación al Juicio para el 7 de octubre de 1998. El 25 de noviembre de 1998, ambas representaciones legales suscribieron el correspondiente informe para ser sometido ante la consideración del foro de instancia. El 7 de diciembre de 1998, y luego de varios señalamientos adicionales, se señaló la vista en su fondo para el 4 de noviembre de 1999. El 29 de octubre de 1999, la representación legal de los apelantes sometió un escrito titulado Moción Solicitando Transferencia de Vista en su Fondo, donde solicitó que la vista del caso programada para el 4 de noviembre de 1999 fuera transferidas para el 19, 23 y 26 de noviembre de 1999. Alegadamente, la representación legal de los apelantes nunca recibió contestación a la misma. Sin embargo, de la minuta que recoge lo acaecido el 4 de noviembre de 1999, surge que la referida moción fue declarada *"No Ha Lugar"* por parte del foro de instancia y que se había tratado de comunicar la misma a la oficina de la representación legal de los apelantes, siendo todos los intentos infructuosos.

La moción de suspensión radicada por la representación legal de los apelantes, aducía que el abogado suscribiente de la misma se encontraba para esa fecha de vacaciones *"forzosas"* por motivo de estar participando en una contienda electoral primarista celebrada el 14 de noviembre de 1999.

El foro de instancia procedió a celebrar la vista en su fondo en ausencia de los aquí apelantes declarando con lugar la demanda radicada el 5 de agosto de 1997.

Inconformes con dicha determinación, acuden ante nos los apelantes de epígrafe, imputándole al foro de instancia la comisión de cinco (5) errores, los cuales transcritos literalmente rezan como sigue:

*"1. Erró el Tribunal de Primera Instancia al celebrar la vista en sus méritos del caso sin la comparecencia de los demandados y su abogado sin antes seguir los trámites establecidos en la jurisprudencia para casos similares.*

*2. Erró el Tribunal de Primera Instancia al concluir que una propuesta de lotificación o segregación a una agencia gubernamental, como Administración de Reglamentos y Permisos (ARPE), representa la Partición y Adjudicación de una herencia o la Petición de División de la Cosa Común, conforme lo establece el Artículo 334 del Código Civil.*

*3. Erró el Tribunal de Primera Instancia al concluir que existía un contrato válido entre los coherederos para la división de la herencia, tratándose ese supuesto contrato de una Petición de Segregación a la Agencia de Administración de Reglamentos y Permisos (ARPE) y de haberlo (el contrato) no puede hacerse efectivo sin la validación de los actuales herederos.*

*4. Erró el Tribunal de Primera Instancia al considerar que en la adjudicación de los lotes existe igualdad, conforme el Artículo 1014 del Código Civil.*

*5. Erró el Tribunal de Primera Instancia al no exigir que se sustituyera parte, ya que una de las demandadas falleció posterior a la radicación de la Demanda y la Sentencia dictada no incluyó como parte indispensable a los herederos de la fallecida o en su lugar al no dar por sobreseído este pleito en cuanto a la fallecida Teresa Olmeda Ortiz, conforme la Regla 22 de Procedimiento Civil."*

En vista de que entendemos que el quinto error fue cometido, podemos disponer del recurso ante nos, prescindiendo de la discusión de los primeros cuatro. Exponemos.

## III

La Regla 22.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, reza como sigue:

*"(a) Si una parte falleciere y la reclamación no quedará por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados notificarán de su fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los seis (6) meses siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Si la sustitución no se hiciere, según se dispone anteriormente, el pleito será sobreseído en cuanto a la parte fallecida. Podrán presentar la solicitud de sustitución los sucesores o representantes del finado o cualquiera de las partes, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67, y a las que no fueren en la forma que dispone la Regla 4."*

El propósito que persigue la mencionada regla es proveer *"un mecanismo mediante el cual, cuando una parte falleciere y la acción no quedara por ello extinguida, dicha acción pueda continuar a favor o en contra de la parte realmente interesada."* Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 684 (1989). De igual manera, el hecho de establecer un término de treinta (30) días, término que consideramos directivo, para notificar el fallecimiento, atiende al interés público de que los casos se resuelvan sin dilaciones innecesarias. *Echevarría Jiménez v. Sucn. Pérez Meri, supra.* A diferencia de la enmienda para traer a una nueva parte a la demanda, la sustitución coloca a la parte sustituta en la misma posición que tenía la sustituida. *Echevarría Jiménez v. Sucn. Pérez Meri, supra.* "Claro está, si la nueva parte comparece voluntariamente y realiza algún acto sustancial que la constituya en parte en el pleito, se somete a la jurisdicción del tribunal y esto hace innecesario el trámite de notificación y emplazamiento de la Regla 4 de las de Procedimiento Civil." *Echevarría Jiménez v. Sucn. Pérez Meri, supra; Claudio v. Casillas Mojica,* 100 D.P.R. 761, 773 (1972).

En el caso que nos ocupa, la co-demandada Teresa Olmeda Ortiz falleció el 23 de febrero de 1999, razón por la cual, conforme a las disposiciones de la Regla 22.1 de las de Procedimiento Civil, *supra*, se hace necesario hacer la correspondiente sustitución de partes, entiéndase, enmendar la demanda para traer al pleito como demandados a la sucesión de Doña Teresa Olmeda compuesta por Donato, Inocencio, Salvador, Juan, Rosa, María, Héctor, María Versedad, María Isabel, Zulma Iris, Luz Eneida y Néstor, todos de apellido Olmeda Olmeda. Luego de aprobada por el tribunal de instancia la referida enmienda, procedería la notificación a las partes de acuerdo a las disposiciones de la Regla 4 de las de Procedimiento Civil.

Los apelados argumentan que la sustitución de partes solicitada por los apelantes en el presente caso es innecesaria, toda vez que éstos se sometieron voluntariamente a la jurisdicción del tribunal. No le asiste la razón. Luego de un minucioso examen de los autos ante nuestra consideración, no encontramos evidencia de acto alguno por parte de los apelantes demostrativo de que éstos comparecieran voluntariamente. Resolvemos, pues, que la sentencia dictada por el foro de instancia no le es de aplicación a los integrantes de la sucesión de Teresa Olmeda, hasta tanto éstos sean debidamente incorporados al pleito y notificados del mismo.

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 3 de diciembre de 1999. Se devuelve el caso al hermano foro de instancia para que continúe con los procedimientos de acuerdo a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General